IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DIANA MURPHY,<br>    Plaintiff,<br>v.<br>SHELBY COUNTY, TENNESSEE, and<br>JOHN DOES 1-5,<br>    Defendants. | No. 2:13-cv-02355-JPM-tmp |

**ORDER GRANTING MOTION TO DISMISS OF SHELBY COUNTY, TENNESSEE**

Before the Court is the Motion to Dismiss of Defendant Shelby County, Tennessee, which was filed on June 3, 2013. (See ECF No. 4.) Plaintiff responded in opposition on July 2, 2013. (See ECF No. 10.) Defendant Shelby County, Tennessee, filed a Reply on July 15, 2013. (See ECF No. 12.)

For the reasons stated below, the Motion to Dismiss (ECF No. 4) is GRANTED. Plaintiff's claims against Shelby County, Tennessee, are hereby DISMISSED WITH PREJUDICE.

I.    **BACKGROUND**

The instant case concerns claims arising from an alleged sexual assault of and physical injuries to Plaintiff Diana Murphy ("Plaintiff" or "Murphy") while an inmate in the custody of Shelby County, Tennessee ("Shelby County").[1] (See ECF No. 1-1

---

[1] Murphy does not appear to be incarcerated at the present time: "Plaintiff, Diana Murphy [sic] is formerly a resident of Shelby County, Tennessee [sic]

at PageID 8, ¶ 8.)[2] Murphy asserts claims against Shelby County and "John Does 1-5" (collectively, "Defendants") (see id. at PageID 7-8, ¶¶ 2-3) based on state-law negligence and 42 U.S.C. § 1983 ("§ 1983") (see id. at PageID 9-10, ¶¶ 10-13).

On or about April 25, 2013 (see ECF No. 1 ¶ 1; ECF No. 1-1 at PageID 4), Plaintiff filed a Complaint in the Circuit Court of Shelby County Tennessee (see ECF No. 1-1 at PageID 7).

In the Complaint, Plaintiff asserts the following facts. "On or about April 26, 2012, Plaintiff was an inmate of Shelby County, Tennessee. Plaintiff was taken to the Shelby County Justice Center . . . and placed in a holding cell to await her court appearance." (See id. at PageID 8, ¶ 5.) "While in the holding cell alone awaiting her court appearance, employees of Shelby County, Tennessee, . . . placed a male inmate in the holding cell with the Plaintiff, a female." (See id. at PageID 8, ¶ 6.) "Plaintiff began loudly beating on the holding cell door and requesting help from the guards. No one responded to the Plaintiff's repeated requests for assistance." (See id. at PageID 8, ¶ 7.) "The male inmate proceeded to physically injure and sexually molest and assault the Plaintiff, causing physical,

---

and currently an adult resident citizen of New Jersey." (See ECF No. 1-1 at PageID 7, ¶ 1.)

[2] When documents are not internally paginated, or when a single filing contains multiple documents, the Court will refer to the Page Identification ("PageID") number that appears at the top right of documents filed on the Case Management/Electronic Case Files system.

2

emotional, and mental injuries . . . ." (See id. at PageID 8, ¶ 8.)

In her Complaint, Plaintiff asserts two claims against Defendants. First, "Plaintiff charges and alleges that Shelby County, Tennessee, along with John Does 1-5 are guilty of one, some, or all of the following acts and/or omissions of common law negligence [sic] which acts of negligence should be imputed to Defendant, Shelby County . . . ." (See id. at PageID 9, ¶ 10.) Plaintiff asserts the following negligent actions: "Negligently failing to use a reasonable degree of care and caution in the operation of the holding cells in the Shelby County Justice Center"; "Negligently placing a male inmate in a holding cell with a female inmate against policy"; "Negligently failing to maintain proper control of the inmates under its control"; "Negligently leaving inmates unattended for an unreasonable period of time and failing to monitor the inmates"; "Negligently failing to respond to the pleas for help from Plaintiff"; "Negligently causing emotional distress to Plaintiff"; and "Negligently failing to protect the Plaintiff from attack." (See id. at PageID 9, ¶ 10(a)-(g).)

Second, Plaintiff asserts a claim pursuant to § 1983. "The actions and/or omissions of the Defendants constituted a reckless or deliberate indifference to the Plaintiff's well established rights under the 4th and 8th Amendment to the United

3

States Constitution." (See id. at PageID 9-10, ¶ 12.) "As such, Plaintiff is entitled to recover against Defendants under [§ 1983]." (See id. at PageID 10, ¶ 13.)

On May 28, 2013, Shelby County removed the action to this Court. (See ECF No. 1.) On June 3, 2013, Shelby County filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (See ECF No. 4 at 1.)

## II. STANDARD OF REVIEW

The Court first discusses the standard of review applicable when reviewing a motion to dismiss and then discusses whether a motion to dismiss may be granted when an affirmative defense bars a plaintiff's claim.

### A. Motion to Dismiss

Under Rule 12(b)(6), a court can dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss for failure to state a claim, "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" Keys v. Humana, Inc., 684 F.3d 605, 608 (6th Cir. 2012) (alteration in original)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

On a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. (alteration in original) (citation omitted) (internal quotation marks omitted).

**B.    Affirmative Defenses**

"[A] motion for dismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010). Accordingly, "if the plaintiffs' complaint contains facts which satisfy the

5

elements of the defendant's affirmative defense, the district court may apply the affirmative defense." Estate of Barney v. PNC Bank, Nat'l Ass'n, 714 F.3d 920, 926 (6th Cir. 2013)); accord Marsh v. Genentech, Inc., 693 F.3d 546, 554-55 (6th Cir. 2012) ("A motion to dismiss can be premised on an affirmative defense, however, if the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." (internal quotation marks omitted)).

**III. ANALYSIS**

The Court addresses Plaintiff's § 1983 claim against Shelby County and then Plaintiff's state-law negligence claims against Shelby County.

**A. Plaintiff Does Not Adequately Allege a Policy of Shelby County As Required to Adequately Plead a Claim Pursuant to § 1983.**

"Section 1983 provides 'a cause of action for deprivation under color of state law, of any rights, privileges or immunities secured by the Constitution or laws of the United States.'" Stoudemire v. Mich. Dep't of Corr., 705 F.3d 560, 567 (6th Cir. 2013) (quoting Jones v. Muskegon Cnty., 625 F.3d 935, 940–41 (6th Cir. 2010)).

"A municipality cannot be held liable in [§] 1983 actions on a respondeat superior theory." Spears v. Ruth, 589 F.3d 249, 256 n.6 (6th Cir. 2009) (citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978)). "To establish that a local

6

government is liable under § 1983, a plaintiff must show that (1) the local government had an official policy, custom, or practice that (2) deprived the plaintiff of his federal rights." Fields v. Henry Cnty., Tenn., 701 F.3d 180, 183 (6th Cir. 2012). Regarding the first requirement,

> [t]here are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

Spears, 589 F.3d at 256 (quoting Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005)) (internal quotation marks omitted). Regarding the second requirement, a plaintiff must "demonstrate a direct causal link between the policy and the alleged constitutional violation in order to show that the municipality's deliberate conduct can be deemed the moving force behind the violation." Id. (internal quotation marks omitted).

Plaintiff's single reference to a "policy" is insufficient to state a plausible claim for relief pursuant to § 1983. Plaintiff makes only one allegation referring to a policy: that Defendants are liable for "[n]egligently placing a male inmate in a holding cell with a female inmate against policy." (See ECF No. 1-1 at PageID 9, ¶ 10(b).) If the actions were "against policy," however, there is no "direct causal link between the

7

policy and the alleged constitutional violation." See Spears, 589 F.3d at 256 (internal quotation marks omitted). Furthermore, Plaintiff does not allege facts indicating that Defendants acted pursuant to a different official policy, that the actions were taken by officials with final decision-making authority, that there was a policy of inadequate training or supervision, or that there was a custom of tolerance of federal-rights violations. See id.

Plaintiff's arguments are not dispositive. Plaintiff argues that she "has given the County a sufficient recitation of the facts involved in this case." (See ECF No. 11 at PageID 57.) Plaintiff, however, relies on the no-set-of-facts standard stated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). (See ECF No. 11 at PageID 56.) "[Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)] retired the Conley no-set-of-facts test . . . ." Iqbal, 556 U.S. at 670. After Twombly, "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" Keys, 684 F.3d at 608 (alteration in original) (quoting Twombly, 550 U.S. at 555, 570). Plaintiff does not meet the current pleading standard.

Plaintiff also states that she intends to amend her complaint "to clarify policy issues upon review of Shelby County's Initial Disclosures." (See ECF No. 10 at PageID 54.)

8

"But under Iqbal, a complaint cannot survive a motion to dismiss — and plaintiffs cannot get discovery — unless the complaint shows that the defendant's wrongdoing is plausible, not just possible." Estate of Barney, 714 F.3d at 929. Regardless of what she may find in discovery, therefore, Plaintiff fails to plead a plausible claim for relief and dismissal is appropriate pursuant to Rule 12(b)(6). See Keys, 684 F.3d at 608.

Accordingly, the Court finds that Plaintiff fails to state a claim for relief regarding her § 1983 claim against Shelby County. The Motion to Dismiss (ECF No. 4) is GRANTED regarding Plaintiff's § 1983 claim against Shelby County, and that claim is hereby DISMISSED WITH PREJUDICE.

**B.  Plaintiff's Negligence Claims Are Barred by Sovereign Immunity Pursuant to Tennessee Law.**

The Court first discusses Shelby County's sovereign immunity under Tennessee law and then discusses whether it is appropriate to dismiss Plaintiff's state-law negligence claims based on the affirmative defense of sovereign immunity.

**1.  Plaintiff's Negligence Claims Are Barred by Shelby County's Sovereign Immunity.**

"Tennessee codified its sovereign immunity law in the Tennessee Governmental Tort Liability Act ([the] "TGTLA")." Johnson v. City of Memphis, 617 F.3d 864, 871 (6th Cir. 2010). "Section 29-20-201(a) [of the TGTLA] provides that '[e]xcept as may be otherwise provided in this chapter, all governmental

entities shall be immune from suit for any injury which may result' from the exercise of government duties." Id. at 871-72 (alteration in original); accord Giggers v. Memphis Hous. Auth., 363 S.W.3d 500, 507 (Tenn. 2012) (citing Tenn. Code Ann. § 29-20-201(a)) ("Generally, the [TGTLA] forecloses suits against governmental entities that cause injury when exercising or discharging their duties.").

"The TGTLA removes immunity for 'injury proximately caused by a negligent act or omission of any employee within the scope of his employment,' but provides a list of exceptions to this removal of immunity." Johnson, 617 F.3d at 872 (quoting Tenn. Code Ann. § 29-20-205). "Injuries that 'arise[] out of . . . civil rights' are one such exception, that is, sovereign immunity continues to apply in those circumstances." Id. (alterations in original) (quoting Tenn. Code Ann. § 29-20-205(2)); accord Parker v. Henderson Cnty., No. W2009-00975-COA-R3-CV, 2010 WL 377044, at *4 (Tenn. Ct. App. Feb. 4, 2010) (finding that immunity had been removed because "there is no basis for this Court to conclude that [the plaintiff's] injury arose out of a violation of his federal civil rights").

The "TGTLA's 'civil rights' exception has been construed to include claims arising under [] § 1983 and the United States Constitution." Johnson, 617 F.3d at 872. For the purposes of the civil-rights exception, a state-law claim arises under

§ 1983 if it "arises out of the same circumstances giving rise to [the plaintiff's] civil rights claim under § 1983." Id.; accord Partee v. City of Memphis, Tenn., 449 F. App'x 444, 448 (6th Cir. 2011) ("The district court correctly concluded that these claims arise out of exactly the same circumstances as the [plaintiffs'] civil rights claims, thus falling within the exception to the waiver of immunity set forth in the [TGTLA].").

In the instant case, Plaintiff's negligence claim arises out of the same circumstances as her § 1983 claim. See Johnson, 617 F.3d at 872. Plaintiff's allegations regarding both negligence and her § 1983 claim arise from Defendants' actions on April 26, 2012, which allowed a "male inmate . . . to physically injure and sexually molest and assault the Plaintiff, causing physical, emotional, and mental injuries." (See ECF No. 1-1 at PageID 8, ¶ 8; see also id. at PageID 8, ¶¶ 5-7.) Plaintiff alleges no other incident as the basis for her claims.

Accordingly, the Court finds that Plaintiff's negligence claims arise from the same circumstances as her civil-rights claim and are thus barred by Shelby County's sovereign immunity. See Johnson, 617 F.3d at 872.

### 2. The Applicability of Sovereign Immunity Is Evident on the Face of the Complaint.

Sovereign immunity under Tennessee law is an affirmative defense. See Petty v. City of White House, No. M2008-02453-COA-

11

R3-CV, 2009 WL 2767140, at *1 (Tenn. Ct. App. Aug. 31, 2009) ("The City filed an answer . . . raising the affirmative defense of sovereign immunity pursuant to the [TGTLA], among other theories."); Reed v. Carter Cnty., No. E2002-03131-COA-R3-CV, 2003 WL 22794485, at *1 (Tenn. Ct. App. Nov. 25, 2003) (referring to "the affirmative defense of governmental immunity pursuant to the [TGTLA]").

In the instant case, the Court may dismiss Plaintiff's negligence claims based on the affirmative defense of sovereign immunity. See Estate of Barney, 714 F.3d at 926; Riverview Health Inst. LLC, 601 F.3d at 512. Plaintiff alleges that "Defendant, Shelby County, Tennessee, is a political subdivision of the State of Tennessee." (ECF No. 1-1 at PageID 7, ¶ 2.) In alleging that Shelby County is a governmental entity, Plaintiff makes it clear that sovereign immunity under Tennessee law is applicable. See Johnson, 617 F.3d at 871-72. Furthermore, as explained above, the allegations in the Complaint make it clear that Plaintiff's negligence claims against Shelby County are barred by sovereign immunity. See supra Part III.B.1.

Accordingly, the Court finds that Plaintiff fails to state a claim for relief regarding her state-law negligence claims because the claim is barred by Shelby County's governmental immunity. See Estate of Barney, 714 F.3d at 926; Riverview Health Inst. LLC, 601 F.3d at 512. The Motion to Dismiss (ECF

No. 4) is GRANTED regarding Plaintiff's negligence claims against Shelby County, and that claim is hereby DISMISSED WITH PREJUDICE.

**IV. CONCLUSION**

For the reasons stated below, the Motion to Dismiss (ECF No. 4) is GRANTED. Plaintiff's claims against Shelby County, Tennessee, are hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED,** this 31st day of July, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
CHIEF JUDGE, U.S. DISTRICT COURT