IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DIANA MURPHY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 2:13-cv-02355-JPM-tmp |
| SHELBY COUNTY, TENNESSEE, and | ) |
| JOHN DOES 1-5, | ) |
|     Defendants. | ) |

**ORDER TO SHOW CAUSE**

    Before the Court is the Complaint, which states claims against "John Does 1-5[, who] are employees of Shelby County, Tennessee [sic] or the State of Tennessee, or political subdivisions of the State of Tennessee, the identities of which are unknown to the Plaintiff at this time." (See ECF No. 1-1 at PageID 7-8, ¶ 3.)[1]

    Plaintiff's claims against John Does 1-5 show on their face that they are barred by the applicable statute of limitations. See Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010) ("[A] motion for dismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense."). The

---

[1] When documents are not internally paginated, or when a single filing contains multiple documents, the Court will refer to the Page Identification ("PageID") number that appears at the top right of documents filed on the Case Management/Electronic Case Files system.

applicable statute of limitations for Plaintiff's claims against John Does 1-5, which are made pursuant to 42 U.S.C. § 1983 and state-law negligence, is one year.  See Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005) (citing Tenn. Code Ann. § 23-3-104(a)(3)) ("Tennessee provides for a one-year limitations period for civil rights actions under § 1983."); Mann v. Alpha Tau Omega Fraternity, 380 S.W.3d 42, 46 (Tenn. 2012) ("Tennessee Code Annotated section 28–3–104 imposes a one-year statute of limitations on personal injury actions . . . .").  Plaintiff asserts that her claims arise from an incident that occurred "[o]n or about April 26, 2012."  (See ECF No. 1-1 at PageID 8, ¶ 5.)  It has been more than one year since the time of the alleged injury, and Plaintiff has not named the unknown parties as required by Federal Rule of Civil Procedure 10(a).  See Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004) ("As a general matter, a complaint must state the names of all parties." (citing Fed. R. Civ. P. 10(a))).  Plaintiff's claims are thus barred by the applicable statute of limitations.  See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (stating that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties" and that "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run").

Plaintiff cannot amend her Complaint to remedy this issue. Plaintiff has indicated that she intends to amend her Complaint "to add Parties in place of the John Doe defendants." (See ECF No. 10 ¶ 3; see also ECF No. 11 at PageID 58.) For Plaintiff's claims to be timely, however, the amendment must relate back to the date of her original pleading pursuant to Federal Rule of Civil Procedure 15(c). Plaintiff's claims will not relate back. In her Complaint, Plaintiff names as Defendants "John Does 1-5 . . . the identities of which are unknown to the Plaintiff at this time." (See ECF No. 1-1 at PageID 7-8, ¶ 3.) "[A]dding new, previously unknown defendants in place of 'John Doe' defendants 'is considered a change in parties, not a mere substitution of parties,' and 'such amendments do not satisfy the "mistaken identity" requirement of Rule 15(c)[].'" Smith v. City of Akron, 476 F. App'x 67, 69 (6th Cir. 2012) (alteration in original) (quoting Cox, 75 F.3d at 240).

Accordingly, the Court hereby gives NOTICE that it intends to dismiss Plaintiff's claims against John Does 1-5 as barred by the applicable statute of limitation. See Chase Bank USA, N.A. v. City of Cleveland, 695 F.3d 548, 558 (6th Cir. 2012) ("Before dismissing a complaint sua sponte, even if the dismissal is without prejudice, the court must give notice to the plaintiff."). Plaintiff shall have up to and including August 14, 2013, to show case as to why the claims against John Does 1-

5 are not barred by the applicable statute of limitations.  If Plaintiff does not sufficiently show cause by August 14, 2013, the Court will dismiss with prejudice Plaintiff's claims against John Does 1-5 for failure to state a claim.

**IT IS SO ORDERED,** this 31st day of July, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
CHIEF JUDGE, U.S. DISTRICT COURT